IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICKY L. WEBER,<br><br>             Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration;<br><br>             Defendant. | 4:10CV3229<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on the following pending motions: plaintiff's motion to amend the court's previous order (Filing No. 38) approving compromise, Filing No. 39; plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), Filing No. 41; and the plaintiff's motion to strike pleadings as incomplete, Filing No. 45.[1]

      By agreement of the parties, the plaintiff has been awarded fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $8,000.00. Filing No. 38. In the court's order awarding EAJA fees, the court denied the plaintiff's then-pending bill of costs, Filing No. 28, and motion for additional time in which to file a 42 U.S.C. § 406(b) motion for attorney fees, Filing No. 33, as moot. *See* Filing No. 38, Order at 2. In her motion to amend, she now moves to reinstate the motions the court found moot. Filing No. 39. The government did not oppose that motion.

      The request for additional time has been rendered moot since the application for fees has been filed. The plaintiff has shown that the parties did not contemplate resolving the bill of costs in the compromise agreement. In her bill of costs, the plaintiff seeks costs in the amount of $368.96, representing the filing fee and photocopying

---

[1] The record shows that Filing Nos. 41 and 42 are incomplete and will be stricken. Those filings are replaced by Filing Nos. 46 and 47. Filing No. 43, the Index of Evidence, is not incomplete and therefore will not be stricken.

costs. An award of costs is authorized under the EAJA to a prevailing plaintiff. 28 U.S.C. § 2412(a)(1). The plaintiff is a prevailing party. *See* Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1993) ("A disability benefits claimant is a prevailing party if the claimant ultimately obtains the benefits sought on appeal to the district court."). Accordingly, the court will award costs in the amount of $368.96.

As a threshold matter, the court finds the plaintiff's motion for fees under 42 U.S.C. § 406(b) is timely. In a remand pursuant to sentence four of 42 U.S.C. § 405(g), the filing period for an application for fees begins after the court enters final judgment (either affirming, modifying, or reversing), and the appeal period has run, so that the judgment is no longer appealable. *Pottsmith v. Barnhart*, 306 F.3d 526, 528 (8th Cir. 2002); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); 28 U.S.C. § 2412(d)(2)(G). The remand order is the final judgment for EAJA purposes if the claimant is a prevailing party and the remand order directs the Secretary to award benefits. *Hafner v. Sullivan*, 972 F.2d 249, 250 (8th Cir. 1992). Under the Federal Rules of Appellate Procedure, when a federal officer is a party, a sixty-day period after the entry of judgment exists in which to appeal the judgment. *See* Fed. R. App. Proc. 4(a). The EAJA's thirty-day time limit in which to apply for fees and costs begins once this sixty-day window in which to appeal ends. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Compliance with this time limit is a jurisdictional prerequisite to an award. *Hafner*, 972 F.2d at 250 n.1.

Section 406(b) of the Social Security Act provides that when a court renders a favorable judgment to a claimant "who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which

the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) does not contain any explicit time limit for requesting fees. *Pierce v. Barnhart,* 440 F.3d 657, 663 (5th Cir. 2006). The Federal Rules provide that the deadline for a motion for attorney fees is no later than 14 days after the entry of judgment unless the court or a statute specifies some other time. Fed. R. Civ. P. 54(B)(1).

There is a split in the circuits with respect to the timeliness of a § 406(b) fee application. The Fifth and Eleventh Circuits have held that counsel seeking fees under § 406(b) must do so under Fed. R. Civ. P. 54(d)(2). *See Pierce v. Barnhart*, 440 F.3d at 663 (5th Cir. 2006) (applying Rule 54(d)(2) to a § 406(b) claim); *Bergen v. Taylor,* 454 F.3d at 1277, 1277 (11th Cir. 2006) ("We agree with the Fifth Circuit that Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."). The Tenth Circuit, on the other hand, applies the "reasonable time" standard under Rule 60(b). *McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir. 2006) (stating that the motion "should be filed within a reasonable time of the Commissioner's decision awarding benefits"). In order to prevent the "absurd outcome inherent in applying a deadline that cannot be met," the Third Circuit advocates equitable tolling. *Walker v. Astrue,* 593 F.3d 274, 278-79 (3d Cir. 2010) (noting a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the remand order but before the administrative determination of benefits, would be premature; and a similar motion filed after the administrative determination of benefits would be untimely). The tolling of filing deadlines is appropriate where principles of equity would make the rigid application of a limitation period unfair. *Id.* at 278.

Although it has not weighed in on the issue, the Eighth Circuit has excused strict compliance with time limitations on fee applications for fees in other contexts. *See, e.g.,*

*Reyher v. Champion Intern. Corp.*, 975 F.2d 483, 489 (8th Cir. 1992). Accordingly, the court finds equitable tolling is appropriate and the fourteen-day time period under Fed. R. Civ. P. 54(d) should be tolled until a notice of decision is issued by the Commissioner on remand. The plaintiff's motion herein was filed within 14 days of the Commissioner's notice.

Fees may be awarded under both the EAJA and under 42 U.S.C. § 406(b). *Talbott v. Bowen*, 832 F.2d 111, 112 (8th Cir. 1987). The fee under the § 406(b) may not exceed 25% of past-due benefits, and the amount kept by the attorney may not exceed the larger of the two fees. *Id.* Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Contingency agreements, when existing, should be honored so long as the resulting fee is reasonable. *Gisbrecht*, 535 U.S. at 807 (concluding that § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court"). The court, however, is required to assess the reasonableness of attorney fees requested under contingent-fee agreements. *Id.* at 809. In assessing the reasonableness of a 25 percent contingent fee under § 406(b), it is appropriate to consider the de facto hourly rate. *See id.* at 808. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with "the character of the representation and the results . . . achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due

benefits "are large in comparison to the amount of time counsel spent on the case." *Id.* Other factors relevant to the reasonableness inquiry are the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court. *Mudd v. Barnhart,* 418 F.3d 424, 428 (4th Cir. 2005).

The EAJA award is payable to the plaintiff as a prevailing party and the section 406(b)(1)(A) award is payable directly to counsel. *Astrue v. Ratliff,* 130 S. Ct. 2521, 2525 n.3 (2010) (holding that EAJA fees are subject to administrative offset for funds owing to the United States). Section 406(b) expressly requires any attorney's fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A); *see Ratliff,* 130 S. Ct. at 2525 (noting that when the court allows a fee under § 406(b), the Commissioner is permitted to collect the approved fee out of the client's benefit award and to certify the fee for "payment to such attorney out of" that award). EAJA fees are paid by the United States. *Gisbrecht,* 535 U.S. at 796. An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total).

The record shows the plaintiff has a fee agreement with counsel for 25% of past-due benefits. Filing No. 43, Index of Evid., Ex. 1, Fee Agreement. The Commissioner has determined that past-due benefits in the amount of $47,541 are due the plaintiff and is withholding $11,885.25 from the award for attorney's fees. *See id.*; Filing No. 43, Ex.

4, Affidavit of Steven Speicher at 2.  The $8,000 award of EAJA fees operates as a provisional credit toward the $11,885.25 that plaintiff's counsel is owed.

The court finds that the fee requested by plaintiff's counsel is reasonable under 42 U.S.C. § 406(b).  He has not requested more than the statutory limit and has shown he has substantial experience litigating Social Security cases.  The record shows he has performed competently and has achieved a good result for his client.  The plaintiff's counsel is not responsible for any delay, nor are the benefits large in comparison to the time spent on the case.  See Filing No. 32, Index of Evid., Ex. 1, Itemization.  In addition, plaintiff's counsel bore the risk of nonpayment.  Also, this award is well within the range of awards in other cases.

Plaintiff's counsel proposes that the court direct the Commissioner to pay plaintiff's counsel $3,885.25 of the $11,885.25 total fee requested under 42 U.S.C. § 406(b) (the total fee award to be completed by plaintiff's counsel's actual receipt of the $8,000 fee award ordered in Filing No. 38).  Filing No. 46, Motion at 1-2.  The plaintiff has no objection to this arrangement.  Filing No. 43, Index of Evid., Ex. 5, Affidavit of Vicky L. Weber.  Accordingly,

IT IS ORDERED:

1. The plaintiff's bill of costs (Filing No. 28) is reinstated and plaintiff is awarded costs in the amount of $368.96.

2. The plaintiff's Motion to Alter or Amend the Judgment (Filing No. 39) is granted with respect to the award of costs and denied as moot in other respects.

3. The plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) (Filing No. 46) is granted.

4.   The Commissioner is directed to pay plaintiff's counsel the amount of $3,885.25 in attorney's fees and to release the balance of past-due benefits to the plaintiff.

5.   The plaintiff's motion to strike (Filing No. 45) is granted.

6.   The Clerk of Court is directed to strike Filing No. 41 and Filing No. 42.

DATED this 3rd day of July, 2012.

                BY THE COURT:

                s/ Joseph F. Bataillon
                United States District Judge